**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**


**CLARENDON NATIONAL INSURANCE COMPANY**                    **PLAINTIFF**

**v.**                                    **4:08CV00023-WRW**

**UNITED FIRE & CASUALTY COMPANY**                          **DEFENDANT**


**ORDER**

Pending is Defendant's Motion to Dismiss (Doc No. 3).  Plaintiff has responded (Doc.

No. 6).  For the reasons set out below, Defendant's Motion to Dismiss is DENIED.

**I. Background**

On January 3, 2007, Arkansas Painting & Specialties, Inc. ("Arkansas Painting") and

McCormick Painting Company ("McCormick") entered into an Equipment Rental Agreement

("Lease") under which Arkansas Painting rented a 1996 Volvo from McCormick.[1] The Lease

included an indemnity agreement, as well as an agreement requiring Arkansas Painting to "carry

public liability and property damage insurance covering the equipment and its operation and

handling . . . ."[2] Plaintiff issued Policy No. DSSN00004022 to McCormick; the leased Volvo

was a "covered auto" for liability coverage under that policy.[3] Defendant issued Policy No.

60342602 to Arkansas Painting; the leased Volvo was a "covered auto" under that policy, as

well.[4]

---

[1]Doc. No. 1.

[2]*Id*.

[3]*Id*.

[4]*Id*.

On August 28, 2007, Gary Dixon, an Arkansas Painting employee, was driving the leased Volvo and was involved in an accident with another vehicle; the two passengers in the other vehicle were injured.[5]  Both parties anticipate that the two passengers, Stephanie Gray and Jason Miller, will bring a tort suit for damages.[6]

The policy issued by Plaintiff and the policy issued by Defendant both included a Business Auto Coverage Form.[7] Plaintiff alleges that under the provisions of the policies, the liability coverage of the policy issued by Defendant is primary as to McCormick, Arkansas Painting, and Gary Dixon.[8] Plaintiff also asserts that based on the indemnity provision in the Lease, Defendant is primarily liable because the policy issued by Defendant covers the indemnity obligation.[9] Plaintiff further alleges that Defendant issued an "excess policy" to Arkansas Painting.[10] Plaintiff requests a judgment declaring that, under the indemnity agreement in the Lease, both the excess policy and Policy No. 60342602 issued by Defendant must be exhausted before the policy issued by Plaintiff to McCormick is payable.[11] Plaintiff also asks the Court to find that it has no obligation to provide a defense for McCormick, Arkansas Painting, or

---

[5]*Id.*

[6]*Id.* At the time Defendant filed its Motion to Dismiss, neither Ms. Gray nor Mr. Miller had filed suit.

[7]Doc. No. 1.

[8]*Id.*

[9]*Id.*

[10]*Id.*

[11]*Id.*

Gary Dixon in connection with any claims asserted against them arising from the August 28, 2007, accident.[12]

Defendant filed a Motion to Dismiss for failure to join necessary parties.[13] Defendant maintains that unless McCormick, Arkansas Painting, Mr. Dixon, Ms. Gray, and Mr. Miller are joined, this case should be dismissed.[14] Plaintiff argues that those parties are not necessary under Federal Rule of Civil Procedure 19.[15]

## II. Discussion

Rule 12(b)(7) of the Federal Rules of Civil Procedure reads:

Every defense, in law or fact, to a claim for relief, in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: . . . (7) failure to join a party under Rule 19.[16]

In deciding a 12(b)(7) motion to dismiss for failure to join a party, it must first be determined if the party should have been joined under Rule 19.[17]

Rule 19 of the Federal Rules of Civil Procedure governs the required joinder of parties.[18] The first step in deciding if a person should be joined is to determine if a person is a necessary

---

[12]*Id.*

[13]Doc. No. 4.

[14]*Id.*

[15]Doc. Nos. 6, 7.

[16]Fed. R. Civ. P. 12(b)(7).

[17]See *De Wit v. Firstar Corp.*, 879 F. Supp. 947, 991 (N.D. Iowa 1995).

[18]Fed. R. Civ. P. 19.

party under section (a) of Rule 19.[19]  Rule 19(a) provides that a person whose joinder does not

deprive the court of subject matter jurisdiction must be joined as a party if:

> (A) in that person's absence, the court cannot accord complete relief among existing
> parties; or (B) that person claims an interest relating to the subject of the action and
> is so situated that disposing of the action in the person's absence may: (i) as a
> practical matter impair or impede the person's ability to protect the interest; or (ii)
> leave an existing party subject to a substantial risk of incurring double, multiple, or
> otherwise  inconsistent obligations because of the interest.[20]

If a person is a necessary party, the next step is to determine if the person is indispensable

under Rule 19(b).[21] If the person is not a necessary party, then the case can proceed without him

and there is no need analyze if the person is indispensable.[22]

Defendant argues that Arkansas Painting, McCormick, Mr. Dixon, Ms. Gray, and Mr.

Miller are necessary parties. I disagree. This is a declaratory judgment action between two

insurance companies that both insured one car. Plaintiff seeks a declaration of the rights and

duties of the two companies under their respective contracts in connection with the insured car.

Nothing in the record suggests that either company denies liability; the dispute between the

companies is which policy is primary, and which excess.[23]

---

[19]*Gwartz v. Jefferson Mem'l. Hosp. Assn.*, 23 F.3d 1426, 1428 (8th Cir. 1994).

[20]Fed. R. Civ. P. 19. In connection with complete relief, the focus under is on relief
between the existing parties, not on the possibility of litigation between a party and a non-party.
*Gwartz v. Jefferson Mem'l. Hosp. Assn.*, 23 F.3d 1426, 1428 (8th Cir. 1994).

[21]See *Gwartz*, 23 F.3d at 1428.

[22]*Id.*

[23]See Doc. No. 10, Letter from Deep South to United Fire Group and Letter from
Defendant to Plaintiff.

Because an insured does not have an interest "in the determination of which insurer is held liable as the primary insurer and which is liable as the excess insurer, [the insured] need not be made a party to such proceeding."[24] "[T]he insured need not be joined in a declaratory-judgment action between two insurers to determine their respective liability."[25] Accordingly, neither Arkansas Painting, McCormick, nor Mr. Dixon are necessary to this declaratory judgment action.

An injured party is likewise not a necessary party to a declaratory judgment action between two insurers.[26] The United States Supreme Court described parties with or without whom litigation could proceed.[27] The Court wrote -- about parties that were not necessary or indispensable:

---

[24]22 ERIC MILLS HOLMES, HOLMES' APPLEMAN ON INSURANCE § 11371. See *St. Paul Fire & Marine Ins. Co. v. Aetna Cas*. & *Sur. Co.*, 357 F.2d 315 (10th Cir. 1966); *Maryland Cas. Co. v. Hubbard*, 22 F. Supp. 697 (D.C. Cal. 1938); *Travelers Ins. Co. v. Buckeye Union Cas. Co.,*173 N.E. 2d 173 (Ohio Ct. App. 1960).

[25]7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1619, n.9 (3d ed. 2001) (citing *State Farm Mut. Auto. Ins. Co. v. Mid-Continent Cas. Co.*, 518 F.2d 292 (10th Cir. 1975); *St. Paul Fire & Marine Ins. Co. v. Aetna Cas*. & *Sur. Co.*, 357 F.2d 315 (10th Cir. 1966); *Home Ins. Co. v. Liberty Mur. Ins. Co.*, 678 F. Supp. 1066 (D.C.N.Y. 1988); *North Am. Hotels, Ltd. v. Home Indem. Co.*, 112 F.R.D. 25 (D.C. Pa. 1986); *Bituminous Ins. Co. v. Pennsylvania Mfrs.' Ass'n. Ins. Co.*, 427 F. Supp. 539 (D.C. Pa. 1976); *Federal Ins. Co. v. Michigan Mut. Liab. Co.*, 277 F.2d 442 (3d Cir. 1960) (affirming previous decision on other grounds). See also *Western Casualty & Surety Co. v. Beverforden*, 93 F.2d 166 (8th Cir. 1937) (both injured and insured were interested but not necessary parties to insurer's action for declaratory judgement).

[26]See *Western Casualty & Surety Co. v. Beverforden*, 93 F.2d 166 (8th Cir. 1937) (neither injured nor insured were necessary parties to insurer's action for declaratory judgement); *County of Wyoming v. Erie L. R. Co.*, 360 F. Supp. 1212, 1215 (W.D. N.Y. 1973).

[27]*Provident Tradesman Bank & Trust Co. v. Patterson*, 390 U.S. 102, 124 (1968) (citing *Shields v. Barrow*, 58 U.S. 130 (1855).

5

> Persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it. These persons are commonly termed necessary parties; but if their interests are separable from those of the parties before the court, so that the court can proceed to a decree, and do complete and final justice, without affecting other persons not before the court, the latter are not indispensable parties.[28]

The Court described necessary and indispensable parties as:

> Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final termination may be wholly inconsistent with equity and good conscience.[29]

Neither Ms. Gray nor Mr. Miller claim an interest in this case. Ms. Gray's and Mr. Miller's "interest" in this declaratory judgment action is one of convenience -- knowing from where to collect a potential judgment, if a suit is ever filed and if either prevail against Mr. Dixon. Neither Ms. Gray's nor Mr. Miller's "interest" will be impeded by allowing this action to proceed.

Defendant argues that if Ms. Gray and Mr. Miller are not joined, it will face a substantial risk of multiple or inconsistent obligations. Inconsistent obligations "occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same

---

[28]*Id.*

[29]*Id.* The Court noted that the generalizations are still valid, and are consistent with Federal Rule of Civil Procedure 19, but that they are not a substitute for the analysis required under Rule 19.

incident in another forum."[30] The record does not indicate that Defendant faces a substantial risk of inconsistent obligations.

## III. Conclusion

The facts do not support a conclusion that McCormick, Arkansas Painting, Mr. Dixon, Ms. Gray, and Mr. Miller are necessary parties under Rule 19(a); thus, joinder is not required. Accordingly, Defendant's Motion to Dismiss (Doc. No. 3) is DENIED.

IT IS SO ORDERED this 22nd day of April,  2008.


/s /Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[30]*Green v. Nationscredit Fin. Servs.*, No. 03-639-CV-W-FJG, 2005 U.S. Dist. Lexis 33467, at *10-11 (W.D. Mo. Mar. 31, 2005) (citation omitted).