IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CLARENDON NATIONAL INSURANCE COMPANY**   **PLAINTIFF**

v.   **4:08-CV-00023 WRW**

**UNITED FIRE & CASUALTY COMPANY**   **DEFENDANT**

**ORDER**

Pending are Clarendon National Insurance Company's Motion for Summary Judgment (Doc. No. 17) and United Fire & Casualty Company's Motion for Summary Judgment (Doc. No. 25). Each party has responded to the other's Motion.[1] Also pending is Defendant's Motion For Leave to File Third Party Complaint (Doc. No. 36). For the reasons set out below, Plaintiff's Motion (Doc. No. 17) is GRANTED, and Defendant's Motions (Doc. Nos. 25, 36) are DENIED.

**I. SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only when there is no genuine issue of material fact, so that the dispute may be decided on purely legal grounds.[2] The Supreme Court has established guidelines to assist trial courts in determining whether this standard has been met:

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.[3]

The Court of Appeals for the Eighth Circuit has cautioned that summary judgment is an extreme remedy that should only be granted when the movant has established a right to the

---

[1] Doc. Nos. 22, 30.

[2] *Holloway v. Lockhart*, 813 F.2d 874 (8th Cir. 1987); Fed. R. Civ. P. 56.

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

judgment beyond controversy.[4]  Nevertheless, summary judgment promotes judicial economy by preventing trial when no genuine issue of fact remains.[5]  I must view the facts in the light most favorable to the party opposing the motion.[6]  The Eighth Circuit has also set out the burden of the parties in connection with a summary judgment motion:

> [T]he burden on the party moving for summary judgment is only to demonstrate, *i.e.*,"[to point] out to the District Court," that the record does not disclose a genuine dispute on a material fact.  It is enough for the movant to bring up the fact that the record does not contain such an issue and to identify that part of the record which bears out his assertion.  Once this is done, his burden is discharged, and, if the record in fact bears out the claim that no genuine dispute exists on any material fact, it is then the respondent's burden to set forth affirmative evidence, specific facts, showing that there is a genuine dispute on that issue.  If the respondent fails to carry that burden, summary judgment should be granted.[7]

Only disputes over facts that may affect the outcome of the suit under governing law will properly preclude the entry of summary judgment.[8]

## II. BACKGROUND

On January 3, 2007, Arkansas Painting & Specialties, Inc. ("Arkansas Painting") and McCormick Painting Company ("McCormick") entered into an Equipment Rental Agreement ("Lease") under which Arkansas Painting rented a 1996 Volvo from McCormick.[9] The Lease included an indemnity agreement, which reads:

> INDEMNITY. Lessee shall indemnify Lessor against, and hold Lessor harmless from, any and all claims, actions, suits, proceedings, costs, expenses, damages, and

---

[4]*Inland Oil & Transport Co. v. United States*, 600 F.2d 725, 727 (8th Cir. 1979).

[5]*Id.* at 728.

[6]*Id.* at 727-28.

[7]*Counts v. MK-Ferguson Co.*, 862 F.2d 1338, 1339 (8th Cir. 1988) (quoting *City of Mt. Pleasant v. Associated Elec. Coop.*, 838 F.2d 268, 273-74 (8th Cir. 1988) (citations omitted)).

[8]*Anderson*, 477 U.S. at 248.

[9]Doc. Nos. 19, 24.

> liabilities, including attorneys fees, arising out of, connected with, or resulting from the equipment or the Lease, including, without limitation, the . . . use [or] operation . . . of the equipment. Lessee recognizes and agrees that included in this indemnity clause . . . is Lessee's assumption of any and all liability for injury[,] disability and death of workmen and other persons caused by the operation, use, control, handling, or transportation of the equipment during the Rental Period.[10]

The Lease also contained an agreement requiring Arkansas Painting to "[c]arry public liability and property damage insurance covering the equipment and its operation and handling for the amount of at least Five Hundred Thousand Dollars . . . or other reasonable amount specified by Lessor."[11]

Plaintiff issued Policy No. DSSN00004022 to McCormick; the leased Volvo was a "covered auto" for liability coverage under that policy.[12] Defendant issued Policy No. 60342602 to Arkansas Painting; the leased Volvo was a "covered auto" under that policy, as well.[13]

The Volvo was also a covered auto under an umbrella policy issued to Arkansas Painting by United Fire.[14]

Both the Clarendon and United Fire policies have an "other insurance" provision.[15] That provision reads, in relevant part:

> a. For any covered 'auto' you own, this Coverage Form provides primary insurance. For any covered 'auto' you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.

---

[10]*Id.*

[11]Doc. No. 31.

[12]*Id.*

[13]*Id.*

[14]Doc. No. 13.

[15]Doc. No. 31.

 c. Regardless of the provisions of Paragraph a. above, this Coverage Form's Liability Coverage is primary for any liability assumed under an 'insured contract.'[16]

The Exclusions section in the Business Auto Coverage Form provides, in relevant part:

B. Exclusions. This insurance does not apply to any of the following:
2. Contractual. Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages: a. [a]ssumed in a contract or agreement that is an 'insured contract' provided the 'bodily injury' or 'property damage' occurs subsequent to the execution of the contract or agreement . . . .[17]

"Insured Contract" means:

5. That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;
6. That part of any contract or agreement entered into, as part of your business, pertaining to the rental or lease by you or any of your "employees" of any "auto." However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees."[18]

 On August 28, 2007, Gary Dixon, an Arkansas Painting employee, was driving the leased Volvo and was involved in an accident with another vehicle; the two passengers in the other vehicle were injured.[19] Both parties anticipate that the two passengers, Stephanie Gray and Jason Miller, will bring a tort suit for damages.[20]

---

[16]*Id.*

[17]*Id.*

[18]*Id.*

[19]*Id.*

[20]*Id.* Defendant asserts that this case is not ripe. However, both Stephanie Gray and Jason Miller are represented by counsel, and the record shows that Clarendon demanded United Fire to indemnify McCormick pursuant to the Lease, and United Fire requested Clarendon to be fully involved in the defense of this matter. Doc. No. 26.

4

Plaintiff alleges that under the provisions of the policies, the policy issued by Defendant is primary, and the policy issued by Plaintiff's is excess.[21] Defendant asserts that the policy issued by Plaintiff is primary, while the policy issued by Defendant is excess.[22] Both parties agree that a crucial issue in determining which policy is primary and which is excess is whether the Lease was an "insured contract."[23]

**III. DISCUSSION**

Under the relevant terms of the United Fire policy, a contract can be an insured contract either because the insured, Arkansas Painting, assumed the tort liability of another, or because the contract pertained to Arkansas Painting's lease or rental of a automobile.[24]

A. <u>The Assumption of Tort Liability</u>

The Eighth Circuit has predicted that Arkansas will join the jurisdictions that allowed indemnification agreements "to determine the allocation of liability in an insurance dispute."[25] "Where there is an indemnity agreement that sets forth the parties' obligations to one another, that agreement must be consulted and will usually determine the allocation of liability in an insurance dispute."[26] The Eighth Circuit cited *Couch on Insurance*: "an indemnity agreement

---

[21]Doc. No. 1.

[22]Doc. No. 26.

[23]Doc. No. 25.

[24]Doc. Nos. 18, 26.

[25]*Wal-Mart Stores, Inc. v. RLI Ins. Co.*, 292 F.3d 583, 588 (8th Cir. 2002).

[26]*Chandler v. Liberty Mut. Ins. Group*, No. 2005-71 (WOB), 2005 U.S. Lexis 44426, at *13  (E.D. Ky. Nov. 3, 2005) (citing *Wal-Mart Stores, Inc. v. RLI Ins. Co.*, 292 F.3d 583, 587-93 (8th Cir. 2002)).

between the insureds or a contract with an indemnification clause . . . may shift an entire loss to a particular insurer notwithstanding the existence of an 'other insurance' clause in its policy."[27]

The indemnity clause in the Lease is broad: "Lessee recognizes and agrees that included in this indemnity clause . . . is Lessee's assumption of any and all liability for injury[,] disability and death of workmen and other persons caused by the operation, use, control, handling, or transportation of the equipment during the Rental Period."[28] Arkansas Painting, as the lessee, thus assumed any and all liability -- including tort liability. The Lease is an insured contract under Section V(H)(5) of the United Fire policy.

B. <u>Insured's Lease of an Automobile</u>

In Section V (H)(6),[29] the United Fire policy provides that an insured contract is "[t]hat part of any contract . . . pertaining to the rental or lease by you . . . of any 'auto.'"[30] Arkansas Painting leased the Volvo from McCormick.[31] Even without the indemnity clause, the Lease is an insured contract under Section V (H)(6) of the United Fire policy.

Because the Lease is an insured contract, United Fire Policy No. 60342602 provides primary coverage with respect to Arkansas Painting, Dixon, and McMormick; the policy issued by Clarendon is excess to the United Fire Policy No. 60342602, and the United Fire Umbrella Policy.

---

[27]*Wal-Mart Stores, Inc.,* 292 F.3d at 588.

[28]Doc. Nos. 19, 24.

[29]Section V (H) of the United Fire policy includes six paragraphs, each of which provides a separate definition of what "insured contract" means. Doc. No. 13.

[30]Doc. No. 13.

[31]In the United Fire policy, "you" refers to the insured, and the insured is Arkansas Painting. Doc. No. 13.

The United Fire policy "is primary for any liability assumed under an insured contract."[32] Again, in the Lease, Arkansas Paint assumed "any and all liability . . . caused by the operation, use, control, handling, or transportation of the [Volvo]."[33] Because Arkansas Paint assumed all liability caused by the use of the Volvo, United Fire, not Clarendon, must provide a defense for McCormick, Arkansas Painting, and Gary Dixon with respect to any claims arising from the August 28, 2007, accident.

## IV. CONCLUSION

Defendant's Motion for Summary Judgment (Doc. No. 25) is DENIED.  Defendant's Motion For Leave to File Third Party Complaint (Doc. No. 36) is also DENIED.  Plaintiff's Motion for Summary Judgment (Doc. No. 17) is GRANTED, and this case is DISMISSED.

IT IS SO ORDERED this 3rd day of October, 2008.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[32]Doc. No. 13.

[33]Doc. No. 1.